## ST. LOUIS & S. F. R. CO. v. COYLE *et al.*

No. 2441.   Opinion Filed May 9, 1911.

(115 Pac. 769.)

**RAILROADS—Contempt Proceedings—Appeal from Corporation Commission—Necessary Parties.** In an appeal by a railway company from an order of the Corporation Commission in a proceeding wherein said appellant and another railway company were charged with having violated an order of the commission in failing to remove a car of coal in accordance with the requirements of the commission's order, whereby appellant was adjudged guilty of contempt and fined, but its codefendant was acquitted, the acquitted company is not a necessary party to the appeal.

(Syllabus by the Court.)

Action by Ed. J. Coyle and another against the St. Louis & San Francisco Railroad Company and the Missouri, Kansas & Texas Railway Company. From an order of the Corporation Commission adjudging the St. Louis & San Francisco Railroad

Company guilty of contempt, it appeals, making the Missouri, Kansas & Texas Railway Company an appellee. On motion of the Missouri, Kansas & Texas Railway Company to dismiss. Motion sustained.

*Clifford L. Jackson* and *W. R. Allen,* for appellee Missouri, K. & T. Ry. Co.

HAYES, J. This is an appeal from an order of the Corporation Commission adjudging appellant guilty of contempt and assessing a fine therefor. The proceeding before the commission was against both appellant and appellee Missouri, Kansas & Texas Railway Company. They were charged with having violated order No. 425 of the commission by failure to move a car of coal, as required by said order of the commission. At the trial before the commission, after all the evidence had been introduced, the commission found that appellee Missouri, Kansas & Texas Railway Company had handled the car of coal in accordance with the requirements of the order and was not guilty of contempt and dismissed the proceeding as against it, but found appellant guilty as charged and assessed a fine against it of $500. In bringing this appeal, appellant has made the Missouri, Kansas & Texas Railway Company one of the appellees; and we now have before us a motion on the part of said appellee to dismiss this appeal as to it.

Its motion, we think should be sustained. Section 1239 of Comp. Laws of Oklahoma 1909, provides how and by whom appeals may be taken from judgments of the Corporation Commission in contempt proceedings. Only defendants in such proceedings are authorized to appeal. The state or complaining party is without such right. When the commission adjudges a defendant in contempt proceedings not guilty, such order can not be reviewed or set aside in this court on appeal. It is final; and, indeed, neither the state nor the complaining party in this proceeding has attempted, by appeal, cross-appeal, or otherwise. to have vacated the order of the commission as to appellee Missouri, Kansas & Texas Railway Company. The judgment of the commission is not a joint judgment against appellant and

said appellee. Nor is the presence of said appellee in this proceeding essential to a determination of the questions raised by appellant on its appeal.

Appellant seeks by its appeal to have the judgment of the commission adjudging it guilty of contempt and assessing fine against it reversed. The only matters that this court can consider in its appeal are alleged errors of the commission in so far as they affect the rights of appellant, and the reversal or affirmance of the judgment of the commission depends upon whether the rights of appellant have been correctly determined by the commission. Whether any error was committed by the commission in arriving at the judgment as to said appellee is immaterial. Appellant's appeal must stand or fall upon its own merits. It cannot in any wise be affected by the presence or absence of appellee, and said appellee is therefore an unnecessary party to this proceeding.

The motion to dismiss as to appellee Missouri, Kansas & Texas Railway Company is therefore sustained.

All the Justices concur.